EDCV 10-0662-VAP (DTBx)
PABLO GONZALEZ  v. AURORA LOAN SERVICES, LLC
MINUTE ORDER of August 11, 2010

# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 10-0662-VAP (DTBx)                    Date: August 11, 2010

Title:      PABLO GONZALEZ -v- AURORA LOAN SERVICES, LLC
==================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                             None Present
   Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

   None                                      None

PROCEEDINGS:     ORDER TO SHOW CAUSE FOR LACK OF JURISDICTION
                 (IN CHAMBERS)

   On May 5, 2010, Pablo Gonzalez ("Plaintiff ") filed a complaint ("Complaint") against Aurora Loan Services, LLC ("Defendant"), alleging: (1) violation of California Civil Code § 1632; (2) violation of Business & Professions Code § 17200; (3) rescission; and (4) quiet title.[1]
   Federal courts are courts of limited jurisdiction, exercising jurisdiction over civil

---

   [1] The Complaint numbers these claims as first, second, third, and sixth, respectively.  The fourth and fifth causes of action do not appear in the Complaint.

MINUTES FORM 11                            Initials of Deputy Clerk ___md____
CIVIL -- GEN                  Page 1

EDCV 10-0662-VAP (DTBx)
PABLO GONZALEZ  v. AURORA LOAN SERVICES, LLC
MINUTE ORDER of August 11, 2010

actions with claims "arising under the Constitution, laws, or treaties of the United States" and where diversity of citizenship exists among the parties.  See 28 U.S.C. §§ 1331, 1332.

Here, Plaintiff alleges the Court has both original subject matter jurisdiction and diversity jurisdiction over his claims.  (Compl. ¶ 1.)  As to subject matter jurisdiction, Plaintiff cites to some federal statutes and to 28 U.S.C. § 1331.  (See Compl. ¶¶ 1, 39-41, 44, 58.)  Though Plaintiff mentions federal statutes, however, his four causes of action arise under state, not federal, law.

Plaintiff also alleges jurisdiction based upon diversity under 28 U.S.C. § 1332, stating "Plaintiff is a citizen of a different state than Defendant, and the amount in controversy readily exceeds the statutory limit for such jurisdiction."  (Compl. ¶ 1.)  Plaintiff alleges that he is a resident of California, and Defendant "is a Delaware corporation which lists with the California Secretary of State a principal place of business located at 10350 Park Meadows Drive, Littleton, Colorado 80124.  For purposes of diversity jurisdiction, Aurora is considered a citizen of Colorado."  (Compl. ¶¶ 5-6.)

In cases where entities rather than individuals are litigants, the manner of determining citizenship depends upon the form of the entity.  A limited liability company (LLC) is a citizen of every state of which its owners or members are citizens.  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Here, Defendant is a limited liability company, yet Plaintiff employs the test for determining citizenship of a corporation.  In so doing, Plaintiff fails allege the states of which Defendant's owners or members are citizens.  Accordingly, Defendant's citizenship is unclear for the purposes of diversity jurisdiction.

Finding the basis for the Court's jurisdiction is unclear, the Court ORDERS Plaintiff to show cause in writing no later than **August 20, 2010**, why this matter should not be remanded for lack of jurisdiction.  Failure to file a timely response shall result in dismissal of the action.

**IT IS SO ORDERED.**